PEOPLE ex rel. NEW YORK, O. & W. RY. CO. v. STATE BOARD OF
TAX COM'RS.    (No. 48/20.)

(Supreme Court, Appellate Division, Fourth Department.    March 3, 1915.)

1. TAXATION ☞376—TANGIBLE PROPERTY OF RAILROAD COMPANY—OVER-
   HEAD BRIDGES—SPECIAL FRANCHISE.
   Where public highways passed over relator railroad on overhead
   bridges, in the absence of evidence the presumption was that under sec-
   tion 93 of the Railroad Law (Consol. Laws, c. 49) the railroad is under
   duty to repair the framework and abutments of such bridges, so that
   prima facie they were tangible property for the purpose of determining
   the value of the special franchises, though its interest in them arises
   from its obligation to repair and replace them, even though not strictly
   part of its real property, as by resting on its land.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631;
   Dec. Dig. ☞376.]

2. TAXATION ☞376—TANGIBLE PROPERTY OF RAILROAD COMPANY—HIGHWAY
   SUBWAY—SPECIAL FRANCHISE.
   Where a highway passed at right angles beneath a railroad occupying
   part of another public highway, such part of the subway as was immedi-
   ately beneath the tracks of the railroad, supporting them, was tangible
   property, to be included in valuing the special franchise; the railroad
   company being required, by Railroad Law, § 93, to keep the same in
   repair.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631;
   Dec. Dig. ☞376.]

Appeal from Special Term, Oswego County.

Action by the People, on the relation of the New York, Ontario &
Western Railway Company, against the State Board of Tax Commis-
sioners. From a final order entered, incorporating findings of a referee
only in part, relator appeals. Modified and affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

C. L. Andrus, of Stamford, for appellant.
Edwin J. Mizen, of Oswego, for respondent.

FOOTE, J. Relator was assessed for the taxable value of its special
franchise in the city of Oswego for the year 1909 at $73,900, after
a hearing upon relator's objections to the same as being erroneous and
excessive. Relator sued out a writ of certiorari to review the same,
and the issues raised by respondent's return to the writ were sent
to a referee to hear and determine. Included in said assessment as the
value of the tangible property of the relator were two bridges over re-
lator's railroad at Albany street and Mexico road, by means of which
these streets are carried over relator's railroad; also the cost to re-
lator of a subway constructed in 1908, by order of the board of rail-
road commissioners made in 1905, under Schuyler street, along which
relator's railroad runs, whereby East Seventh street, which previously
·ended with its junction with Schuyler street, was carried under Schuy-
ler street and into the grounds of the United States military reservation

known as Ft. Ontario, on the opposite side and adjoining Schuyler street. The cost of this subway was upwards of $40,000, including the approaches, and of the part under Schuyler street $19,779.54. Of the total expense of the subway, the state paid 25 per cent., the city of Oswego 25 per cent., relator 42.5 per cent., and the New York Central & Hudson River Railroad Company, 7.5 per cent.; the latter company having a single track running along Schuyler street parallel to relator's two tracks. The total cost of the subway to relator for its share was $17,317.01.

The referee found and decided that no part of this subway construction under Schuyler street was a part of relator's tangible property in Schuyler street, and that said two highway bridges at Albany street and Mexico road were not tangible property of relator in those streets, and reduced the assessment accordingly. Relator moved at Special Term to confirm the referee's report, where an order was made modifying the referee's decision by adjudging that the two bridges were assessable as tangible property of relator, as well as that portion of the subway under Schuyler street and within the confines thereof, to the extent of the cost to relator of that part of the subway, to wit, $8,406. Otherwise, the report of the referee was confirmed. The appellant now challenges the correctness of these modifications to the referee's decision, and contends that neither the highway bridges nor any part of the subway are owned by relator, and that relator has no such interest therein as its tangible property in, over, or under said streets used in connection with special franchises therein.

[1] As to the highway bridges, it does not appear when they were built or who built them. They have been in use for some 20 years. In the absence of evidence to the contrary, we must assume that under section 93 of the Railroad Law relator is required to maintain and keep in repair the framework and abutments of these bridges. If the abutments rest upon relator's land, then they are part of its real property. If not, relator still has an interest therein, arising from its obligation to maintain, repair, or replace the bridges and abutments in case of their destruction. The presumption of law is that the assessment was properly made. This presumption must prevail, until relator makes it to appear affirmatively that it does not own the bridges or have any tangible property therein. People ex rel. Jamaica Water Supply Co. v. State Board of Tax Com'rs, 196 N. Y. 39, 89 N. E. 581; People ex rel. Niagara Falls Hydraulic Power & Mfg. Co. v. State Board of Tax Com'rs, 202 N. Y. 426, 95 N. E. 754.

[2] As to the East Seventh street subway under Schuyler street, relator contends that, as this subway was built long after it received its franchise to operate its railroad along Schuyler street, it is not taxable therefor, because, in effect, the subway carried East Seventh street across Schuyler street and made a new crossing of relator's railroad, which did not exist before, and that hence the case is the same, in principle, as that in People v. Woodbury, 203 N. Y. 167, 96 N. E. 431, where it is held that, when a new street is carried across an existing railroad, no special franchise is thereby created which is taxable. It is said in that case:

"The object of the Special Franchise Tax Act is to tax railroad corporations for privileges granted them in the streets which they occupy on their lines of railway, and if, after they have their rights of way secured over private land, a public highway is laid across the tracks, while there is a crossing, it is not a crossing made by the railroad or through public favor, so far as the railroad is concerned."

We think the principle so enunciated does not apply here. Relator's railroad runs lengthwise in Schuyler street; hence it has a special franchise in that street. In connection with such special franchise, all its tangible property in, over, or under that street is taxable by the express terms of the act. If it adds new property to its railroad in, over, or under the street, the value of its tangible property is thereby increased. The question, therefore, is: Is this subway construction, or any part of it, tangible property of relator within the intent and meaning of the act?

It appears that Schuyler street is 100 feet in width. Adjoining Schuyler street on the north is the military reservation owned by the United States government, and opposite East Seventh street and for a considerable distance, east and west, there are no buildings upon the government property. Both relator's two railroad tracks and the single track of the New York Central & Hudson River Railroad Company lie on the north side of the roadway of Schuyler street immediately adjoining the government grounds, leaving south of all these tracks a considerable part of Schuyler street in width free from tracks used as a public street. While the expense of this subway was paid in part by the state, in part by the city, and in part by the railroads, we think that part of the subway consisting of its approach in East Seventh street and under that part of Schuyler street used as a street and not occupied by the railroad tracks belongs to the city of Oswego, or the adjoining owners of private property, and that relator has no interest therein, and that it has no obligation to maintain or repair the same; but as to that part of the subway immediately below the tracks of relator's railroad we think the abutments and the girders which support relator's railroad are its property, which, under section 93 of the Railroad Law, it is required to maintain and keep in repair, while, by the same section, the city of Oswego is required to maintain and keep in repair and is given jurisdiction over the approaches. It appears from the evidence and is found by the referee that the expense of constructing that part of the subway which is immediately under the tracks and railroad of relator was $6,151.06. This sum, we think, represents the tangible value of relator's interest in this subway, to be assessed in connection with its special franchise at that point.

The order appealed from should be modified, so as to reduce the tangible value of relator's interest in this subway from the sum of $8,406, stated in the order of the Special Term, to the sum of $6,151.-06, and, as so modified, affirmed, without costs of this appeal to either party. All concur.